**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-13-0002872**
**26-JAN-2015**
**08:50 AM**

NO. CAAP 13-0002872

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

LYNETTE L. AGARD,
Plaintiff-Appellant,
v.
DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF THE
INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR14, MORTGAGE
PASS-THROUGH CERTIFICATES SERIES 2006-AR14 UNDER THE
POOLING AND SERVICING AGREEMENT DATED OCTOBER 1, 2006;
INDYMAC MORTGAGE SERVICES, INC.; ONEWEST BANK FSB,
Defendants-Appellees,
and
JOHN DOES 1-50, JANE DOES 1-50,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-0362)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J. and Reifurth, J.,
with Ginoza, J. concurring separately)

Plaintiff-Appellant Lynette L. Agard (**Agard**) appeals[1]
from the following orders and judgment all entered in the Circuit
Court of the First Circuit[2] (**circuit court**):

---

[1]     Agard did not file a timely notice of appeal of the December 26,
2012 "Order Granting in Part and Denying in Part Defendants Deutsche Bank
National Trust Company, as Trustee of the IndyMac INDX Mortgage Loan Trust
2006-AR14, Mortgage Pass-Through Certificates, Series 2006-AR14 Under the
Pooling and Servicing Agreement Dated October 1, 2006, and OneWest Bank, FSB's
Motion for Summary Judgment Filed on July 27, 2012." The circuit court
entered a Hawai'i Rules of Civil Procedure Rule 54(b) certified judgment on
February 21, 2013. Agard's notice of appeal was filed August 14, 2013.

[2]     The Honorable Bert I. Ayabe presided.

(1) the April 8, 2013 "Order Granting Defendants Deutsche Bank National Trust Company, As Trustee of the IndyMac INDX Mortgage Loan Trust 2006-AR14, Mortgage Pass-Through Certificates, Series 2006-AR14 Under the Pooling and Servicing Agreement Dated October 1, 2006, and OneWest Bank, FSB's Motion for (a) Reconsideration of the Court's December 26, 2012 Order Regarding Defendants' Motion for Summary Judgment Filed on July 27, 2012, (b) Clarification of Same, And/Or (c) Summary Judgment as to Count I of Plaintiff's First Amended Complaint, Filed on August 8, 2011";

(2) the April 8, 2013 Final Judgment; and

(3) the August 8, 2013 "Order Denying Plaintiff's Motion for Reconsideration, Filed on April 18, 2013."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Agard's appeal as follows:

(1)  Agard cites no authority to support her contentions regarding the alleged-contradiction between conveyance of the Promissory Note (**Note**) to Deutsche Bank under the Trust and the Second Assignment of the mortgage interest from FDIC to Deutsche Bank on June 10, 2010.  "[A]s a matter of common law, the mortgage was automatically transferred with the underlying note."  In re Wright, 2012 WL 27500, at *3 (Bankr. D. Haw. Jan. 5, 2012), reconsideration denied 2012 WL 260744 (Bankr. D. Haw. Jan. 27, 2012) (citing In re Veal, 450 B.R. 897, 916 (B.A.P. 9th Cir. 2011); Carpenter v. Longan, 83 U.S. 271, 274-75 (1872) and Restatement (Third) of Property (Mortgage) § 5.4 (1997)).  As soon as Deutsche Bank became entitled to enforce the Note, Deutsche Bank succeeded to the mortgagee's interest.  Agard did not argue to the circuit court that Deutsche Bank was not the holder of the Note, nor does she challenge the validity of the Trust.  Agard's contention that Deutsche Bank obtained the Note on October 31, 2006 and was later assigned the mortgage interest on June 10, 2010 does not raise a genuine issue of material fact as to whether Deutsche Bank was entitled to foreclose on the

2

property. Additionally, there is no genuine issue of material fact to support Agard's claim that Deutsche Bank participated in a "fradulent" transaction in violation of Hawaii Revised Statutes (**HRS**) § 480-2 (2008 Repl.), unfair and deceptive acts or practices (**UDAP**).

Agard fails to support her contention that OneWest's failure to identify its principal when it "claimed ownership" in its proof of claim case before the bankruptcy court raised a genuine issue of material fact. Agard does not indicate whether and where in the record she raised the issue of OneWest's authority to file a proof of claim to the circuit court so as to preserve this argument for appeal. We therefore decline to address it on appeal. See Hawaiʻi Rules of Appellate Procedure Rule 28(b)(7).

(2)(a) Agard's remaining contentions concern alleged irregularities with Defendants' foreclosure process that, according to Agard, "constitute viable UDAP claims in Count 1, [First Amended Complaint]." A UDAP committed "in the conduct of any trade or commerce [is] unlawful." HRS § 480-2(a). A contract or agreement in violation of HRS Chapter 480 is void and unenforceable. See HRS § 480-12. Agard's mortgage and loan transaction fell "within the ambit of HRS [Chapter] 480, inasmuch as (1) a loan extended by a financial institution is activity involving conduct of any trade and commerce and (2) loan borrowers are consumers within the meaning of HRS § 480-1 [(2008 Repl.)]." Hawaii Cmty. Fed. Credit Union v. Keka, 94 Hawaiʻi 213, 227, 11 P.3d 1, 15 (2000) (internal quotation marks omitted); Am. Sav. Bank, F.S.B. v. Riddel, No. CAAP-11-0000559 (App. June 27, 2014) (mem).

To support her UDAP claim under HRS § 480-12, Agard was required to allege: (1) a violation of HRS Chapter 480 or specific types of violations of HRS Chapter 667; (2) injury to plaintiff's business or property resulting from such violation; and (3) proof of the amount of damages. See Hawaii Med. Ass'n v. Hawaii Med. Serv. Ass'n, Inc., 113 Hawaiʻi 77, 113-14, 148 P.3d 1179, 1215-16 (2006); Lizza, 1 F. Supp. 3d 1106 at *13.

3

An injury resulting from a UDAP must be "fairly traceable to the defendant's actions." Flores v. Rawlings Co., LLC, 117 Hawai'i 153, 167 n.23, 177 P.3d 341, 355 n.23 (2008) (citation and internal quotation marks omitted). Hawai'i Rules of Civil Procedure Rule 9(b) requires all averments of fraud or mistake to set forth circumstances constituting fraud or mistake with particularity. "The rule is designed, in part, to insure the particularized information necessary for a defendant to prepare an effective defense to a claim which embraces a wide variety of potential conduct." Larsen v. Pacesetter Sys., Inc., 74 Haw. 1, 30, 837 P.2d 1273, 1288 (1992), amended on reh'g in part, 74 Haw. 650, 843 P.2d 144 (1992) (citation omitted). General allegations are insufficient, "[a] plaintiff must state the circumstances constituting fraud or mistake with particularity (e.g., allege who made the false representations) and specify the representations made." Larsen, 74 Haw. at 30-31, 837 P.2d at 1288 (citing Ellis v. Crockett, 51 Haw. 45, 59, 451 P.2d 814, 823 (1969)).

(2)(b)  The circuit court found Agard's assertions regarding the "robo-sign[ature]" of Erica Johnson-Seck (**Johnson-Seck**), a OneWest employee, did not overcome Defendants' summary judgment motion because she offered no evidence that the Second Assignment "was signed by a person without authority to act or without knowledge of the contents of the [a]ssignment . . . ." Del Piano v. Mortgage Elec. Registration Sys., Inc., 2012 WL 621975, at *10 (D. Haw. 2012). Agard's evidence that Johnson-Seck testified in an unrelated Florida case that she signed a significant percentage of documents without reading them did not establish that Johnson-Seck, the signatory to the Second Assignment, had not read the Second Assignment in the instant case.

Agard's contention that Johnson-Seck lacked authority to execute the Second Assignment dated June 10, 2010 and recorded June 18, 2010, was based on an earlier Limited Power of Attorney (**POA**), recorded on September 4, 2009 and in effect up to March 19, 2010, thus had no bearing on whether Johnson-Seck was authorized to do so under a subsequent POA. OneWest's attorney

4

declared Johnson-Seck had executed the Second Assignment with authority to do so pursuant to the POA effective from March 20, 2009 through June 19, 2010. Agard cites no authority for her contention that the POA was ineffective absent a corporate seal or a statement revoking an earlier POA.

Agard's belated attempts to introduce expert testimony that Johnson-Seck's signature was a forgery were not erroneously rejected because Agard did not establish why this "new evidence and/or arguments . . . could not have been presented during the earlier adjudicated motion." Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., Ltd., 100 Hawai'i 97, 110, 58 P.3d 608, 621 (2002).

(2)(c) Agard contends OneWest committed UDAPs by: negotiating in bad faith on her loan modification; reneging on a granting of a loan modification and forcing a forbearance plan on Agard; misrepresenting that Agard had failed to make payments; misapplying Agard's payments and proceeding to publish a Notice of Mortgagee's Intention to Foreclose Under Power of Sale (**Notice**); "wrongfully us[ing] its own errors to justify its excuse to publish [the Notice]"; instructing Agard not to pay her August 2009 balloon payment, "admitt[ing] that its representative should never have given [Agard] such an instruction" and informing Agard that she was no longer eligible for any payment plan because she had failed to make required payments on her loan modification plan.

Agard's First Amended Complaint alleged with sufficient particularity Defendants' acts in 2009 regarding her loan modification and forbearance plan constituted a UDAP by reason of fraud. Agard submitted moneygram receipts and a declaration attesting to alleged instructions by Indymac to refrain from paying her final August balloon payment and that OneWest "admitted" it had misapplied her February and March 2009 payments. OneWest's attorney declared that in August 2009, Agard contacted OneWest and advised them that "she was unable to make the balloon payment due under the terms of the [March 12, 2009] Forbearance letter." OneWest advised her "there was nothing further OneWest could offer her at that time." OneWest's

5

attorney further declared, based on his review of records, Agard's payments had been partly applied to her forbearance plan and the remaining amount was returned to her because the amount remitted did not represent the total amount due at that time.

Seen in a light most favorable to Agard, OneWest attorney's declaration did not refute Agard's claims that a OneWest agent instructed her to not-pay the August 2009 payment and to call back at the end of the month, and that OneWest had "admitted" to having misapplied her payments to other accounts. Querubin v. Thronas, 107 Hawai'i 48, 56, 109 P.3d 689, 697 (2005). Viewing the evidence in this favorable light, we conclude Defendants did not rebut Agard's allegation that Defendants' agent instructed Agard to refrain from remitting the August 2009 payment and call back later, nor that her misreliance on Defendants' instruction resulted in her loss of interests in the property. Agard's allegations that Defendants instructed her to not-pay her August 2009 payment and then used her non-payment as a basis to rescind the March 12, 2009 forbearance plan raised a genuine issue of material fact that rendered summary judgment for Defendants on Agard's UDAP claims in regard to OneWest's actions improper.

Therefore,

IT IS HEREBY ORDERED that the Circuit Court of the First Circuit's :

(1) April 8, 2013 "Order Granting Defendants Deutsche Bank National Trust Company, As Trustee of the IndyMac INDX Mortgage Loan Trust 2006-AR14, Mortgage Pass-Through Certificates, Series 2006-AR14 Under the Pooling and Servicing Agreement Dated October 1, 2006, and OneWest Bank, FSB's Motion for (a) Reconsideration of the Court's December 26, 2012 Order Regarding Defendants' Motion for Summary Judgment Filed on July 27, 2012, (b) Clarification of Same, And/Or (c) Summary Judgment as to Count I of Plaintiff's First Amended Complaint, Filed on August 8, 2011" is vacated as to its grant of summary judgment on Count I of the Amended Complaint in favor of OneWest and affirmed in all other respects;

6

(2) April 8, 2013 Final Judgment is vacated as to its grant of summary judgment on Count I of the Amended Complaint in favor of OneWest and affirmed in all other respects; and

(3) August 8, 2013 "Order Denying Plaintiff's Motion for Reconsideration, Filed on April 18, 2013" is vacated as to its grant of summary judgment on Count I of the Amended Complaint in favor of OneWest and affirmed in all other respects.

DATED:  Honolulu, Hawai'i, January 26, 2015.

On the briefs:

Nicole Lehuanani Kinilau
for Plaintiff-Appellant.

David B. Rosen
for Defendants-Appellees.

Presiding Judge

Associate Judge